IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOCOPHILLIPS COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. MACCHIA,<br><br>  Defendant.<br>_____/ | No. C 12-01134 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JULY 13, 2012, AT 10:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court TENTATIVELY RULES as follows: (1) a temporary restraining order in the form of a temporary protective order, subject to a portion of Macchia's claimed exemptions, is warranted pending the resolution of a motion for preliminary injunction; (2) Macchia shall file a further declaration in support of his claimed exemptions by no later than July 20, 2012; (3) Macchia shall file a declaration listing all of his property by no later than July 20, 2012; and (4) Conoco shall file a motion for a preliminary injunction by no later than July 27, 2012. The Court further TENTATIVELY RULES that Macchia has demonstrated monthly expenses amounting to $8,000 and that only some of his claimed exemptions are sufficiently supported. The Court is inclined to make this finding without prejudice to Macchia making a further showing of additional expenses. The Court notes that some of Macchia's listed monthly expenses, for example $866 for food and household supplies, $800 for medical and dental payments, and $750 for transportation and auto expenses, are not sufficiently supported. Moreover, it is not clear on what basis Macchia claims that his entire Chase savings account of $283,462 is exempt based on need.

The parties each shall have twenty (20) minutes to address the following questions:

1. Defendant Michael J. Macchia has not responded to Plaintiff ConocoPhillips Company's argument regarding the requirement of mutuality for any offset. Does Macchia have any authority demonstrating that he may offset Conoco's claim against him with a claim that is held by MAC-GO, Inc.?

2. Macchia also failed to respond to Conoco's argument that he must demonstrate conduct by Conoco that is independently wrongful or tortious in order to state his defense of interference with a prospective contractual or business relationship. What conduct, if any, does Macchia contend Conoco engaged in that was independently wrongful or tortious? In other words, what conduct does Macchia contend Conoco engaged in that was not authorized by or permissible under the agreement between Conoco and MAC-GO?

3. Macchia argues that Conoco aided and abetted a breach by Hunt & Sons, Inc. ("H&S") of the "APA."[1] However, Macchia argues that the alleged breach occurred when H&S hired MAC-GO's personnel and made sales to MAC-GO's former customers, which occurred *after* MAC-GO terminated its employees and suspended its business operations. What specific term of the APA does Macchia contend that H&S breached by this conduct? If Macchia contends that Conoco aided and abetted a breach by H&S of the APA, Macchia shall file a supplemental declaration attaching a copy of the signed APA by no later than 9:00 a.m. on July 13, 2012.

---

[1] As Macchia did not define the "APA" or provide a copy of it, from context the Court assumes that the APA was the purchase agreement between MAG-GO and H&S.

2

4. What is the address of the property "Homeward Residential" that Macchia refers to in his opposition? (*See* Opp. at 6.) Does Macchia have any current plans to sell this property?

5. Macchia claims a homestead exemption on a property which was sold voluntarily. However, the Ninth Circuit has made clear that "[a] debtor who seeks homestead protection in the context of a voluntary sale must record a declaration of homestead. *In re Wilson*, 90 F.3d 347, 351 (9th Cir. 1996) (citations omitted) (finding that the debtor had "no exemption rights arising out of a voluntary sale, due to his failure to file a declaration of homestead"). Did Macchia record a homestead declaration? If not, on what authority does Macchia rely, if any, to demonstrate that he may claim a homestead exemption on his property which was sold voluntarily?

6. Conoco argues generally, without providing any specific dates, that it "recently discovered that Defendant is in the process of liquidating his assets." (*See* Application at 1; see also Application at 4.) How and when did Conoco discover that Macchia sold the properties at issue?

7. In Exhibit C to the declaration of Chad Cunningham, there are several entries where the due dates precede the invoice dates. Are these dates accurate? If not, what are the dates these invoices were actually due? If they are accurate, how was the payment owed before the invoice was even sent? When was the first payment on this list past due?

8. In light of the amount of property Conoco seeks to attach, on what basis does Conoco assert that an undertaking of just $10,000 is sufficient? *See* Cal. Code Civ. Proc. Sec. 489.220(b). What is Macchia's position regarding the amount of an undertaking?

9. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: July 12, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3