IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONOCOPHILLIPS COMPANY,

    Plaintiff,

v.

MICHAEL J. MACCHIA,

    Defendant.
_____/

No. C 12-01134 JSW

**ORDER REGARDING APPLICATION FOR TEMPORARY PROTECTIVE ORDER**

Now before the Court is the *ex parte* application filed by Plaintiff ConocoPhillips Company ("Conoco") under California Code of Civil Procedure section 485.010 for a right to attach order and a writ of attachment, or in the alternative for a temporary protective order pursuant to Federal Rule of Civil Procedure 64 ("Rule 64").[1] Pursuant to Rule 64, "state law controls the availability of provisional remedies to secure satisfaction of judgments in a federal district court." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1064 n.13 (9th Cir. 1991). California law provides for writs of attachment on unsecured claims for money based upon an express contract "for a fixed or readily ascertainable amount not less than five hundred dollars

---

[1] Conoco states that it is unclear whether Texas or California law applies because although the guarantee agreement, which is the agreement that provides the basis for any right to attach, states that it shall be construed and enforced under Texas law, Rule 64(a) provides for the application of California law. Nevertheless, Conoco avers that no substantive difference exists, either procedurally or substantively, between California and Texas law. Therefore, the Court will apply California law to this application. This Order is without prejudice to either party demonstrating that Texas law should apply in further proceedings in this matter.

1 ($500.00) exclusive of costs, interest and attorney's fees." Cal. Civ. Proc. Code §
2 483.010(a)(b).

3     To obtain a writ of attachment, Conoco must demonstrate all of the following:

> (1) The claim upon which the attachment is based is one upon which an attachment may be issued.
> (2) The plaintiff has established the probable validity of the claim upon which the attachment is based.
> (3) The attachment is not sought for a purpose other than the recovery upon the claim upon which the attachment is based.
> (4) The affidavit accompanying the application shows that the property sought to be attached, or the portion thereof to be specified in the writ, is not exempt from attachment.
> (5) The plaintiff will suffer great or irreparable injury (within the meaning of Section 485.010) if issuance of the order is delayed until the matter can be heard on notice.
> (6) The amount to be secured by the attachment is greater than zero.

Cal. Code Civ. Proc. § 485.220. If all of the requirements of section 485.220 are satisfied, the Court may issue a temporary protective order instead of issuing a writ of attachment if it would be in the interests of justice and equity to the parties. Cal. Code Civ. Proc. § 486.030. Moreover, the Court may issue a writ or a temporary protective order if Conoco shows that "[u]nder the circumstances of the case, it may be inferred that there is a danger that the property sought to be attached would be concealed, substantially impaired in value, or otherwise made unavailable to levy if issuance of the order were delayed until the matter could be heard on notice." Cal. Code Civ. Proc. § 485.010(1).

    The Court finds that Conoco has made the requisite showing that it is entitled to immediate relief, pending the Court hearing its noticed motion for a writ of attachment. Defendant Michael J. Macchia ("Macchia") does not dispute that there is a guarantee agreement between him and Conoco whereby he agreed to guarantee the debts of MAC-GO, Inc. to Conoco. Nor does Macchia dispute the amount of debt claimed by Conoco. Instead, Macchia argues that he has a valid affirmative defense to set-off the amount of debt Conoco may recover from him based on Conoco's alleged interference with MAC-GO's prospective business relations with another company, Hunt & Sons, Inc. ("H&S"). However, Macchia's defenses suffer from at least two defects, the first of which is the lack of mutuality. *See Eistrat v. Humiston*, 160 Cal. App. 2d 89, 91 (1958) ("in order to warrant an offset the debts must be

2

1  mutual and the principle of mutuality requires that the debts should not only be due to and from
2  the same person, but in the same capacity"). Macchia contends that he may set-off Conoco's
3  claim against *him* based on a claim that *MAC-GO* purportedly has against Conoco. Macchia
4  has not demonstrated that there is mutuality these claims.

5  Second, even if mutuality were not a bar, Macchia has not shown that MAC-GO has any
6  valid claim against Conoco. Although the facts are very clear, at the hearing held today
7  Macchia clarified that he contends that MAC-GO had a prospective agreement with H&S for
8  H&S to purchase MAC-GO's assets only. Macchia argued that H&S was not going to assume
9  MAC-GO's liabilities. Macchia further argued that some unidentified person at Conoco spoke
10 to an unidentified person at H&S at some unspecified time and fraudulently represented that
11 Conoco would hold H&S responsible for MAC-GO's debt. Macchia did not explain how he
12 discovered the content of this alleged conversation between these unidentified individuals.
13 According to Macchia, based on this alleged misrepresentation, the prospective agreement fell
14 through. Macchia's representation of these alleged facts is far too vague to meet the required
15 standard for pleading an alleged misrepresentation pursuant to Federal Rule of Civil Procedure
16 9(b). Moreover, Macchia has not supported any of these purported facts with admissible
17 evidence. Accordingly, the Court finds that Macchia has not demonstrated the validity of any
18 claim MAG-CO may have against Conoco through admissible evidence.[2] Therefore, the Court
19 finds that a temporary writ or protective order is warranted.

20 However, the Court also determines that Macchia has made a showing that some of his
21 property is exempt under California law. At this procedural stage, it appears as though
22 Macchia's account at Bank for the West for $175,000 is exempt pursuant to California Code of
23 Civil Procedure § 704.720, his account at Bank of the West for $39,273 and his and his wife's
24 monthly social security income of $3,600 is exempt pursuant to California Code of Civil
25 Procedure § 704.080, his vehicle is exempt up to the amount of $2,300 pursuant to California

---

[2] Moreover, it is not clear that Macchia *could* demonstrate the validity of the claim through admissible evidence. Nevertheless, the Court's finding on this application is without prejudice to Macchia proving his defenses in opposition to Conoco's noticed motion for a writ of attachment.

3

1 Code of Civil Procedure § 704.010, his claimed household furnishings, personal computers,
2 clothing, and household tools and gardening supplies amounting to $4,700 are exempt pursuant
3 to California Code of Civil Procedure § 704.020, and his claimed jewelry and works of art
4 amounting to $1,400 are exempt pursuant to California Code of Civil Procedure § 704.040.
5 Macchia also contends that his Chase savings account of $283,462 should be exempt based on
6 need pursuant to California Code of Civil Procedure § 703.115. However, he has not
7 demonstrated that he cannot meet his necessary expenses with the accounts that are exempt.
8 Therefore, the Court finds at this procedural stage that his Chase savings account of $283,462 is
9 not exempt.

10 The Court HEREBY ORDERS that the temporary protective order already in place shall be extended until Conoco's noticed motion for a writ of attachment is resolved. However, the temporary protective order is hereby modified to include all of Macchia's property in which he has any interest, with the exception of the property the Court determined at this procedural stage to be exempt. Conoco shall file a noticed motion for a writ of attachment by no later than July 27, 2012. If Conoco fails to file a noticed motion for a writ of attachment by July 27, 2012, the temporary protective order will expire on that date. The Court FURTHER ORDERS that: (1) Conoco shall provide an undertaking in the amount of $10,000; (2) Macchia shall file a further declaration in support of his claimed exemptions by no later than July 20, 2012; and (3) Macchia shall file a declaration listing all of his property by no later than July 20, 2012. The Court admonishes Macchia that these declarations must be supported by detailed, admissible evidence, including documentary evidence where possible.

22 This Order is without prejudice to either party moving to modify the temporary protective order before the Court hears the noticed motion for a writ of attachment, such as to alter the amount considered exempt by the Court, if such party demonstrates that an immediate modification of the temporary protective order is warranted.

26 **IT IS SO ORDERED.**

27 Dated: July 13, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4